MARTHA S. DOTY (SBN 143287)
KELSEY K. WONG (SBN 314574)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-1410
Telephone:  213-576-1000
Facsimile:   213-576-1100
martha.doty@alston.com
kelsey.wong@alston.com

Attorneys for Defendant
AMERICAN NATIONAL RED CROSS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA PEDROZA,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMERICAN NATIONAL RED CROSS, a District of Columbia nonprofit corporation; AMERICAN RED CROSS OF CALIFORNIA, a California nonprofit corporation; and DOES 1 through 50, Inclusive,<br><br>                    Defendants. | Case No.:<br><br>**DECLARATION OF MARTHA S. DOTY IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441 and 1446, and 36 U.S.C. § 300105(a)(5)]** |

**DECLARATION OF MARTHA S. DOTY**

I, Martha S. Doty, declare:

1.     I am an attorney duly licensed to practice law before all courts of the State of California and am an attorney of the law firm of Alston & Bird LLP, attorneys of record herein for Defendant American National Red Cross ("Defendant"). I make this declaration in support of Defendant's Notice of Removal.  I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would testify competently to them.

1.     Attached hereto as <u>Exhibit A</u> is a true and correct copy of Plaintiff's Complaint entitled *Margarita Pedroza v. American National Red Cross*, *et al.*, Case No. 20STCV14431 in the Superior Court of California for the County of Los Angeles and the Summons; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; and Case Management Conference.

2.     Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Notice of Acknowledgment of Receipt to American National Red Cross, pursuant to section 415.30 of the California Code of Civil Procedure, of the Summons and the Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; and Case Management Conference that Plaintiff electronically served on Defendant by emailing to me, as counsel for Defendant, on May 4, 2020.

3.     On May 26, 2020, I signed and returned the Notice of Acknowledgment and Receipt to Plaintiff's counsel, and service on Defendant was effective on that date. *See* <u>Exhibit B</u>.

4.     Attached hereto as <u>Exhibit C</u> is a true and correct copy of the Answer to Plaintiff's Complaint that Defendant filed and served on June 24, 2020, which was deemed filed by the Superior Court of California for the County of Los Angeles on June 24, 2020.

1       5.    Plaintiff has not served the defendant identified as American Red Cross

2 of California.

3

4       I declare under penalty of perjury of the laws of the United States that the

5 foregoing is true and correct.

6

7       Executed this 25th day of June 2020, at Los Angeles, California.

8

9

10

11                   Martha S. Doty

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/14/2020 03:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**ALEXANDER, KRAKOW + GLICK LLP**
Marvin E. Krakow (State Bar No. 81228)
Joshua M. Arnold (State Bar No. 240154)
ALEXANDER, KRAKOW + GLICK LLP
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 394-0888
Fax: (310) 394-0811
E-mail: mkrakow@akgllp.com; jarnold@akgllp.com

Attorneys for Plaintiff
MARGARITA PEDROZA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MARGARITA PEDROZA | Case No.   20STCV14431 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. Disability Discrimination (Cal. Gov't Code § 12940 (a), (m)) |
| AMERICAN NATIONAL RED CROSS, a District of Columbia nonprofit corporation; AMERICAN RED CROSS OF CALIFORNIA, a California nonprofit corporation; and DOES 1 through 50, Inclusive, | 2. Failure to Engage in the Interactive Process in Violation of the FEHA (Cal. Gov't Code § 12940 (n)) |
| | 3. Failure to Accommodate Disability in Violation of the FEHA (Cal. Gov't Code § 12940 (m) (1)) |
| Defendants. | 4. Failing to Take All Reasonable Steps to Prevent Discrimination and Harassment in Violation of the FEHA (Cal. Gov't Code § 12940 (k)) |
| | 5. Retaliation in Violation of FEHA (Cal. Gov't Code 12940 (h)) |
| | 6. Wrongful Termination in Violation of Public Policy |
| | 7. Declaratory and Injunctive Relief |
| | DEMAND FOR JURY TRIAL |

1

**INTRODUCTION**

1.      Defendant AMERICAN NATIONAL RED CROSS and AMERICAN RED CROSS OF CALIFORNIA (collectively "Defendants" "Red Cross") discriminated against, retaliated against and wrongfully terminated Plaintiff MARGARITA PEDROZA due to her disability and her requests for reasonable accommodation of that disability in the form of medical leave.

**JURISDICTION AND VENUE**

2.      Jurisdiction and venue are proper in this Court because the claims alleged arose in Los Angeles County; all of the parties were or are residents of, or are doing business in Los Angeles County; or such claims may be brought in this Court by statute or law.

3.      The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

**PARTIES**

4.      Plaintiff MARGARITA PEDROZA ("Plaintiff") and, at all relevant times, was an individual residing in Glendale, Los Angeles County, California.

5.      Plaintiff alleges, on information and belief, that, at all relevant times, Defendant AMERICAN NATIONAL RED CROSS was and is a District of Columbia non-profit corporation, with national headquarters at 431 18th St. NW, Washington, DC 20006, and local headquarters under the name AMERICAN RED CROSS SOUTHERN CALIFORNIA REGION in the County of Los Angeles at 11355 Ohio Avenue, Los Angeles, California 90025.

6.      Plaintiff alleges that at all relevant times Defendant AMERICAN RED CROSS OF CALIFORNIA was and is a California nonprofit corporation, headquartered at 5042 Wilshire Blvd., Suite 44035, Los Angeles, CA 90036.

7.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named as Does 1 through 50, inclusive, are unknown to Plaintiff at this time and therefore the Doe Defendants are sued by fictitious names. Plaintiff will seek leave

2

COMPLAINT; DEMAND FOR JURY TRIAL

1 | to amend this Complaint to insert the true names and capacities of the Doe Defendants when the

2 | same become known to Plaintiff.  Plaintiff alleges, on information and belief, that each of the

3 | fictitiously named Defendants is responsible for the wrongful acts alleged and is therefore liable

4 | to Plaintiff.

5 |        8.     Plaintiff alleges on information and believes that at all relevant times, Defendants,

6 | and each of them, were the agents, employees, coconspirators, parent corporation, joint

7 | employers, alter ego, or joint venturers of the other Defendants, and each of them, and in doing

8 | the things alleged, were acting at least in part within the course and scope of said agency,

9 | employment, conspiracy, joint employer, alter ego status, or joint venture and with the

10 | permission and consent of each of the other Defendants.

11 |        9.     Whenever and wherever reference is made in this complaint to any act or failure

12 | to act by a defendant or co-defendant, such allegations and references shall also be deemed to

13 | mean the acts or failures to act by each defendant acting individually, jointly and severally.

14 | **FACTUAL ALLEGATIONS**

15 |       10.    Defendants hired Plaintiff as a medical assistant on or about April 12, 1995.

16 |       11.    Throughout her employment, Plaintiff received several promotions, including

17 | Tech 1A 2RBC Alyx Operator, Preceptor/Trainer, and most recently as a Technician II in Red

18 | Cross' Pasadena Donor Center in or about 2010.

19 |       12.    As a Technician II employee, Plaintiff was cross-trained and performed

20 | procedures in the collection of whole blood and platelet/plasma collection. Her job duties

21 | included daily quality control, welcoming and registering donors, collection and documentation

22 | of vital signs and health histories, determining eligibility, phlebotomy, monitoring donors and

23 | managing donor reactions, caring for donors, and processing the collected units for temporary

24 | storage. Additionally, Plaintiff packed and shipped products to testing lab, cleaned and restocked

25 | donor rooms, processed donors' blood donation, assisted donors in their recovery, and observed

26 |

27 |

28 |

the donors to ensure there were no health issues. Plaintiff also helped integrate the departments that collected platelets and plasma with the department that collected whole blood.

13.     Throughout her employment, Plaintiff received performance reviews that ranged from satisfactory to excellent from multiple supervisors at the Pasadena Donor Center. Ms. Pedroza also received four certificates of recognition in the three months prior to her termination. These certificates, which are reserved for employees who exceed expectations in specific job metrics, recognized both Plaintiff's job performance and her customer service.

14.     In or about July 2016, a regular donor came into the Pasadena Donor Center in which Plaintiff worked. Plaintiff noticed that the donor was swaying and losing balance as he walked down the hall after his blood donation. Given her experience, Plaintiff instinctually rushed towards the donor to catch him so he would not fall and hurt himself. Plaintiff then asked Kathleen Torres ("Ms. Torres"), a registered nurse at the Pasadena Donor Center, to put a chair behind the donor so he could sit down. Once the chair was placed behind the donor, the donor grabbed Plaintiff and collapsed onto the chair, bringing Plaintiff down with him as all his weight was placed on Plaintiff. Plaintiff did not immediately feel pain, but as the hours progressed, she felt her muscles tightening and an increased dull, aching, and burning pain to her neck and back. To this day, Plaintiff still experiences difficulties sleeping at night.

15.     Ms. Torres witnessed this injury and filled out an injury and incident report on the date of the accident. Subsequently, Defendants required Plaintiff visit a U.S. Healthworks doctor for an examination on her back. Plaintiff was ordered to attend physical therapy and chiropractic therapy, but was released to work without restrictions.

16.     After several weeks of treatment, Plaintiff's pain worsened, so she was referred to treat with Dr. Aaron Coppelson ("Dr. Coppelson"), an orthopedist. Dr. Coppelson put work restrictions of no heavy lifting and no repetitive bending on Plaintiff. Plaintiff worked with these restrictions from August through October 2016.  Plaintiff's work performance and productivity remained good during this time.  However, one of Plaintiff's peers, a co-worker named Christian,

1   appeared to believe Plaintiff's disability-based restrictions had turned her into his subordinate,

2   having her get the health history and check vital signs for his donors, as well as bringing those

3   donors to him.  He would even instruct Plaintiff to bend to get supplies for him, and then tell her

4   to carry those supplies, demonstrating that he cleared viewed Plaintiff as having somehow been

5   demoted by Defendants due to her disability, as opposed to having a medical issue that needed

6   accommodation.  Plaintiff complained to Ms. Torres regarding this, and requested a meeting

7   between the three of them, where Christian ostensibly apologized for his actions.  However, after

8   the meeting, Christian continued to pressure Plaintiff to perform his job for him.

9          17.     In approximately late October 2016, Plaintiff spoke with Dr. Coppelson and asked

10  if he could remove her work restrictions.  Though Plaintiff continued to have a disability that

11  required avoiding lifting heavy items and repetitive bending, her job duties did not generally

12  require those actions.  Plaintiff preferred to be able to request help from co-workers if she needed

13  it rather than having formal restrictions and believed that removing the restrictions would help

14  remind Christian that they were peers, since Defendants had failed to correct his behavior.   Dr.

15  Coppelson agreed to remove the restrictions, and by the end of October 2016, Plaintiff was

16  cleared to work without formal restrictions, while using a stool to avoid bending and requesting

17  lifting assistance when necessary.

18         18.     In approximately October 2016, Plaintiff had filed a workers' compensation claim

19  for her back injury. In November 2017, Plaintiff saw the Agreed Medical Examiner ("AME"),

20  Dr. Kraemer.  AME Kraemer re-instituted Plaintiff's lifting and bending restrictions but did not

21  provide Plaintiff a final report at that time.  The renewed restrictions did not prevent Plaintiff

22  from continuing to do her job, with the same accommodations of stool usage and lifting

23  assistance she had been using during the time she did not have formal restrictions.

24         19.     On or about April 27, 2018, Ms. Pedroza was asked to contact Joanna Rogers

25  ("Ms. Rogers"), the Apheresis Assistant Director of Nursing for the Pasadena Red Cross Donor

26  Center. To Plaintiff's surprise, Irma Escobedo ("Ms. Escobedo") from Human Resources was on

27

28

1   the call with Ms. Rogers. After Ms. Rogers assured Plaintiff that she was not in trouble, Ms.

2   Rogers asked Plaintiff if she had been lifting heavy objects or doing repetitive bending while at

3   work. Plaintiff responded with, "No. We just watched the instructional video and it says to get

4   help if lifting anything, so I do that." Plaintiff also mentioned that she sits in a stool to avoid

5   bending while performing job duties that previously required her to bend. In response, Ms.

6   Escobedo stated that Red Cross received the final report from the AME doctor, Dr. Kramer,

7   which restricted Plaintiff from lifting anything over 35 pounds and prevented Plaintiff from

8   repetitive bending.  Plaintiff had not seen the AME's final report but as these were the exact

9   same work restrictions Plaintiff had been given in 2016 by Dr. Coppelson and then again in

10  November 2017 by the AME  and under which she had worked without incident or difficulty,

11  Plaintiff did not believe there would be a problem.  Despite this, Ms. Escobedo and Ms. Rogers

12  told Plaintiff that Red Cross could no longer accommodate her with these restrictions without

13  any explanation or indication of why.  Rather than attempting to engage in an interactive process

14  to find a reasonable accommodation for Plaintiff, Ms. Escobedo then simply informed Plaintiff

15  that she could finish the rest of her day but could not return to work the following day. Ms.

16  Escobedo instructed Plaintiff that she must file for FMLA leave for her workers' compensation

17  injury and suggested that Plaintiff apply for other jobs within Red Cross, while not offering

18  Plaintiff any assistance with placement in a new position or guidance on possible positions for

19  her.

20      20.    After the April 27, 2018 phone call, Plaintiff notified Ms. Torres of Ms.

21  Escobedo's mandates and proceeded to request FMLA leave for her workers' compensation

22  injury through the Red Cross Benefits System, as directed by Ms. Escobedo. Although Plaintiff

23  was uneasy about filing the FMLA leave, she did so as she did not want to be accused of

24  insubordination by not obeying a superior's instruction.

25      21.    On May 16, 2018 and May 23, 2018, Ms. Pedroza visited Dr. Coppelson to obtain

26  work status reports. On each of these visits, Dr. Coppelson stated that, in his opinion and if need

27

28

be, Plaintiff could work without restrictions. Eager to start working again, Plaintiff presented these reports to Barbara Gunter ("Ms. Gunter"), a Red Cross Risk Management employee. However, Defendants still refused to return Plaintiff to work. Instead, it was insisted that Plaintiff have a doctor sign the FMLA leave application.

22.      On May 23, 2018, Plaintiff relayed this information to Dr. Coppelson. After questioning Defendants' desire to put Plaintiff on FMLA leave, Dr. Coppelson begrudgingly filled out the FMLA request form and suggested that she take leave twice a month for just three hours per leave.

23.      Instead of adhering to Dr. Coppelson's recommendation of intermittent and brief FMLA leave, Defendants placed Plaintiff on full FMLA leave until July 20, 2018.

24.      On June 1, 2018, Defendants sent Plaintiff an unsolicited additional letter that stated Plaintiff was "granted" a non-FMLA medical leave from July 20, 2018 through July 28, 2018. Since Plaintiff never requested additional leave, she should have been returned to her position on July 20, 2018, which was the end of her FMLA leave.

25.      On July 2, 2018, Plaintiff e-mailed Ms. Gunter and attached her May 16, 2018 and May 23, 2018 work status reports. In the e-mail, Plaintiff wrote, "I am wondering what happens now because I feel like I'm in Limbo [...] because of the work restrictions [and I] don't qualify for disability, nor unemployment because you said I'm still considered an employee. However, I am not working.  Prior to HR asking me to file for FMLA I had been working fine, I was doing a great job according to my Supervisor's reviews. [. . .] Dr. Coppelson has stated that I can return to work without restrictions."

26.      Ms. Gunter responded to Plaintiff by acknowledging the two work status reports, but claimed Defendants could not "hire her back" because the AME doctor still had her listed with restrictions. Ms. Gunter ended the e-mail with, "I have copied HR on this communication so everyone is in the loop." Days later, Ms. Rogers, Plaintiff's supervisor, called the Red Cross benefits department to inform them Ms. Pedroza would not be returning to work. Ms. Rogers

1 | never contacted Plaintiff or asked to speak on her behalf, leaving Plaintiff without an opportunity

2 | to return to work.

3 |     27.    Defendants have continued to insist that they will never return Plaintiff to work.

4 | Given Ms. Gunter's statement that Defendants could not "hire [Plaintiff] back", Defendants have

5 | effectively terminated Plaintiff's employment no later than July 2, 2018, and likely back on April

6 | 27, 2018.  Defendants' accommodation of Plaintiff's initial restrictions for approximately 8

7 | months, and refusal to allow Plaintiff to return to work despite Plaintiff obtaining full medical

8 | clearance demonstrates that the claimed termination reason of disability restrictions that could

9 | not be accommodated was pretextual.  Defendants discriminated against Plaintiff and terminated

10 | her due to her disability and previous requests for accommodation.

11 |

12 | **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13 |     28.    On April 19, 2019, Plaintiff filed an amended DFEH complaint, and DFEH

14 | subsequently issued a Notice of Case Closure and Right to Sue for all state law discrimination

15 | claims alleged herein.

16 |     29.    This suit is brought within one year of Plaintiff's "right to sue" letter.

17 |

18 | **FIRST CAUSE OF ACTION**

19 | **(For Discrimination Based on Disability in Violation of Fair Employment & Housing Act)**

20 | **(Gov. Code §12940)**

21 | **(Against Defendants AMERICAN NATIONAL RED CROSS, AMERICAN RED CROSS**

22 | **CALIFORNIA, and DOES 1-50)**

23 |     30.    Plaintiff incorporates the allegations contained in all previous paragraphs as

24 | though fully stated here.

25 |     31.    AMERICAN NATIONAL RED CROSS is an employer that regularly employs

26 | five (5) or more persons.

27 |

28 |

8

COMPLAINT; DEMAND FOR JURY TRIAL

32.    AMERICAN RED CROSS CALIFORNIA is an employer that regularly employs five (5) or more persons.

33.    During her employment with Defendants, Plaintiff suffered from physical disabilities that limited major life activities.  Defendants were aware of Plaintiff's disabilities and potential and perceived disabilities because Plaintiff was injured on the job, sought treatment from a provider within Defendants network, and she kept Defendants notified about her condition and her need for reasonable accommodations, including a medical leave of absence.

34.    Plaintiff was qualified for the position she held, in that she could perform the essential duties of her position, with or without reasonable accommodation.

35.    Defendants discriminated against Plaintiff because of her disabilities, potential disabilities or perceived disabilities, as well as her request for accommodation.

36.    Plaintiff was treated less favorably than other individuals outside the protected class, by conduct including, but not limited to: subjecting Plaintiff to numerous and repeated conversations leading her to believe her job was in jeopardy due to her disability, which was not visited upon other employees; subjecting Plaintiff to improper, unfair and disparate treatment; other similar treatment; and termination.

37.    Defendants' discriminatory conduct constitutes unlawful discrimination in employment on account of disability and a failure to reasonably accommodate disability in violation of Government Code § 12940.

38.    As a legal result of Defendants' discriminatory conduct against Plaintiff, Plaintiff has been harmed in that she has suffered the loss of wages, benefits, and additional amounts of money she would have received if she had not been discriminated against, in an amount according to proof at time of trial but not less than $150,000.

39.    As a further legal result of Defendants' discriminatory conduct against Plaintiff, Plaintiff has been harmed in that she has suffered physical sickness and resulting humiliation, mental anguish and emotional distress.  As a result of that discrimination and consequent harm,

1 │ Plaintiff has suffered damages in an amount according to proof at time of trial but not less than

2 │ $1,000,000.

3 │      40.    The above-described acts of Defendants, by and through their managing agents,

4 │ officers, or directors, were engaged in with a deliberate, cold, callous and fraudulent and

5 │ intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of

6 │ Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud, and/or

7 │ oppression within the meaning of Civil Code Section 3294.  Plaintiff requests an assessment of

8 │ punitive damages against Defendants, in an amount to be proven at time of trial.

9 │      41.    Defendants, and each of them, are responsible for interest, penalties, and

10 │ attorneys' fees related to this cause of action.

11 │ **SECOND CAUSE OF ACTION**

12 │ **(For Failure to Engage in the Interactive Process in Violation of the FEHA)**

13 │ **(Against Defendants AMERICAN NATIONAL RED CROSS, AMERICAN RED CROSS**

14 │ **CALIFORNIA and DOES 1-50)**

15 │      42.    Plaintiff incorporates the allegations contained in all previous paragraphs as

16 │ though fully stated here.

17 │      43.    It is unlawful for an employer to fail to engage in an affirmative, interactive

18 │ accommodation process to identify and implement effective accommodations for an employee

19 │ with a known disability.  Cal. Gov't Code §§ 12940(k) and (n); *Prilliman v. United Airlines*

20 │ (1997) 53 Cal. App. 4th 935, 950-51.  It is further unlawful for an employer to fail to take all

21 │ steps necessary to prevent discrimination from occurring.  Cal. Gov't Code § 12940(k).

22 │      44.    Defendants knew of Plaintiff's physical disability and/or perceived Plaintiff to

23 │ have a physical disability.  Plaintiff was willing to participate in an interactive process and

24 │ requested reasonable accommodation of her disability.  Plaintiff was fully performing her job

25 │ duties with work restrictions for months.  However, Defendants later forced Plaintiff to take a

26 │ leave of absence and stopped accommodating Plaintiff and failed to engage in an interactive

27 │

28 │

1  process to provide accommodation. Defendants did not identify or implement effective

2  accommodations for Plaintiff at the expiration of her leave of absence, thus resulting in

3  Plaintiff's termination.

4         45.    Defendants failed to comply with subsections (k) and (n) of California

5  Government Code section 12940 and failed to participate in a timely good-faith interactive

6  process.  Instead, Defendants discriminated against Plaintiff by refusing to allow her to return to

7  work, failing to accommodate her, and by terminating her.

8         46.    As a direct and proximate result of these unlawful acts, Plaintiff has suffered and

9  continues to suffer economic damages including but not limited to lost wages, employment

10  benefits, pension benefits and other compensation, in an amount to be proven at trial but not less

11  than $150,000.

12        47.    As a further direct and proximate result of said Defendant's unlawful conduct,

13  Plaintiff has suffered and continues to suffer from emotional and mental distress including but

14  not limited to pain, suffering, humiliation, shame, anxiety, embarrassment, and physical

15  symptoms, and has incurred and continues to incur special and general damages, in a sum within

16  the jurisdiction of this Court, to be ascertained according to proof, but not less than  $1,000,000.

17        48.    The above-described acts of Defendants, by and through their managing agents,

18  officers, or directors, were engaged in with a deliberate, cold, callous and fraudulent and

19  intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of

20  Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud, and/or

21  oppression within the meaning of Civil Code Section 3294.  Plaintiff requests an assessment of

22  punitive damages against Defendants, in an amount to be proven at time of trial.

23        49.    Defendants, and each of them, are responsible for interest, penalties, and

24  attorneys' fees related to this cause of action.

25  ///

26  ///

27

28

### THIRD CAUSE OF ACTION

**(For Failure to Reasonably Accommodate Disability in Violation of the FEHA)**

**(Against Defendants AMERICAN NATIONAL RED CROSS, AMERICAN RED CROSS CALIFORNIA, and DOES 1-50)**

50.    Plaintiff incorporates the allegations contained in all previous paragraphs as though fully stated here.

51.    During her employment with Defendants, Plaintiff suffered from physical disabilities which limited major life activities.  Defendants were aware of Plaintiff's disabilities and potential or perceived disabilities because Plaintiff was injured on the job, sought treatment from Defendant providers within its network, and she subsequently notified Defendants about her condition and her need for reasonable accommodations.

52.    Plaintiff requested reasonable accommodations of her disability, including a medical leave of absence.  Plaintiff returned to work with restrictions and was able to satisfactorily perform her same job duties. Months later, Plaintiff was told by Defendants that she must go on a medical leave of absence because of these same work restrictions, without providing her with any reasonable accommodation.  After Plaintiff's leave of absence ended, Defendants failed to provide reasonable accommodation, and instead refused to allow Plaintiff to return to work.

53.    Defendants' failure to accommodate Plaintiff's disability constitutes unlawful discrimination in employment on account of disability and unlawful failure to accommodate, in violation of the provisions of the California Fair Employment and Housing Act.

54.    As a legal result of Defendants' conduct against Plaintiff, and as a legal result of Defendants' failure to reasonably accommodate Plaintiff's disability, Plaintiff has been harmed in that she has suffered the loss of wages, benefits, and additional amounts of money she would have received if she had been accommodated, in an amount according to proof at time of trial, but not less than $150,000.

55.     As a further legal result of Defendants' discriminatory and harassing conduct against Plaintiff, and as a legal result of Defendants' failure to reasonably accommodate Plaintiff's disability, Plaintiff has been harmed in that she has suffered physical sickness and resulting humiliation, mental anguish and emotional distress.  As a result of that discrimination, failure to accommodate, and consequent harm, Plaintiff has suffered damages in an amount according to proof at time of trial, but not less than $1,000,000.

56.     The above-described acts of Defendants, by and through their managing agents, officers, or directors, were engaged in with a deliberate, cold, callous and fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud, and/or oppression within the meaning of Civil Code Section 3294.  Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

57.     Defendants, and each of them, are responsible for interest, penalties, and attorneys' fees related to this cause of action.

### FOURTH CAUSE OF ACTION

**(For Failure to Take All Reasonable Steps to Prevent Discrimination, Harassment and Retaliation in Violation of the FEHA)**

**(Against Defendants AMERICAN NATIONAL RED CROSS, AMERICAN RED CROSS CALIFORNIA, and DOES 1-50)**

58.     Plaintiff incorporates the allegations contained in all previous paragraphs as though fully stated here.

59.     Defendants failed to take all reasonable steps necessary to prevent discrimination, harassment and retaliation, in violation of the provisions of Government Code Section 12940(k). Defendants failed to ensure that Plaintiff would not suffer retaliation when she disclosed her disability and requested disability accommodation, failed to investigate or otherwise respond to

13

1 | Plaintiff's complaints of discrimination and retaliation, and enabled management to continue and

2 | intensify discriminatory and retaliatory conduct against after Plaintiff's complaints.

3 |     60.    As a legal result of Defendants' conduct, Plaintiff has suffered economic damages

4 | in an amount according to proof at time of trial, but not less than $150,000.

5 |     61.    As a further legal result of Defendants' conduct, Plaintiff has been harmed in that

6 | she has suffered physical sickness and resulting humiliation, mental anguish and emotional

7 | distress.  As a result of such conduct and consequent harm, Plaintiff has suffered damages in an

8 | amount according to proof at time of trial, but not less than $1,000,000.

9 |     62.    The above-described acts of Defendants, by and through their managing agents,

10 | officers, or directors, were engaged in with a deliberate, cold, callous and fraudulent and

11 | intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of

12 | Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud, and/or

13 | oppression within the meaning of Civil Code Section 3294.  Plaintiff requests an assessment of

14 | punitive damages against Defendants, in an amount to be proven at time of trial.

15 |     63.    Defendants, and each of them, are responsible for interest, penalties, and

16 | attorneys' fees related to this cause of action.

17 | **FIFTH CAUSE OF ACTION**

18 | **(For Retaliation in Violation of the FEHA)**

19 | **(Against Defendants AMERICAN NATIONAL RED CROSS, AMERICAN RED CROSS**

20 | **CALIFORNIA, and DOES 1-50)**

21 |     64.    Plaintiff incorporates the allegations contained in all previous paragraphs as

22 | though fully stated here.

23 |     65.    Plaintiff engaged in protected conduct, by requesting reasonable accommodation

24 | for Plaintiff's disability in the form of leave from Defendants and by protesting the

25 | discrimination and retaliation directed against Plaintiff after the disability leave.  After that

26 | protected conduct, Defendants retaliated against Plaintiff by, among other things, subjecting

27 |

28 |

1   Plaintiff to numerous and repeated conversations leading her to believe her job was in jeopardy

2   due to her disability, subjecting Plaintiff to improper, unfair and disparate treatment, which

3   eventually led to her termination.

4       66.    Defendants' conduct constitutes unlawful retaliation in violation of California

5   Government Code § 12940.

6       67.    As a legal result of Defendants' retaliatory actions against Plaintiff, as alleged

7   above, Plaintiff has been harmed in that she has suffered the loss of wages, benefits, and

8   additional amounts of money she would have received if she had not been retaliated against, in

9   an amount according to proof at time of trial, but not less than $150,000.

10       68.    As a further legal result of Defendants' retaliatory actions against Plaintiff,

11   Plaintiff has been harmed in that she has suffered physical sickness and resulting humiliation,

12   mental anguish and emotional distress.  As a result of such retaliation and consequent harm,

13   Plaintiff has suffered damages in an amount according to proof at time of trial, but not less than

14   $1,000,000.

15       69.    The above-described acts of Defendants, by and through their managing agents,

16   officers, or directors, were engaged in with a deliberate, cold, callous and fraudulent and

17   intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of

18   Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud, and/or

19   oppression within the meaning of Civil Code Section 3294.  Plaintiff requests an assessment of

20   punitive damages against Defendants, in an amount to be proven at time of trial.

21       70.    Defendants, and each of them, are responsible for interest, penalties, and

22   attorneys' fees related to this cause of action.

23   ///

24   ///

25   ///

26

27

28

15

## SIXTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (Against Defendants AMERICAN NATIONAL RED CROSS, AMERICAN RED CROSS CALIFORNIA, and DOES 1-50)

71.     Plaintiff incorporates the allegations contained in all previous paragraphs as though fully stated here.

72.     Defendants wrongfully terminated Plaintiff's employment in violation of the public policy included Government Code section 12940 *et. seq.,* because of her disability and request and need for disability leave and Plaintiff's complaints regarding the discrimination and retaliation she faced upon returning from disability leave.

73.     As a legal result of Defendants' unlawful conduct, Plaintiff also suffered and continues to suffer pain and mental anguish, emotional and physical distress, and injury, humiliation, anxiety, loss of earnings, past and future, and other employment benefits and job opportunities in an amount to be determined at trial, but not less than $1,150,000.

74.     Plaintiff prays for reasonable costs and attorney fees against said defendants, as allowed by California Government Code §12965 and any other applicable statutes for plaintiff's prosecution of this action in reference to the time plaintiff's attorney spends pursuing this cause of action as well as any other applicable statutes.

75.     As more fully stated by the facts alleged above, the wrongful conduct committed and ratified by Defendants and their managing agents was done with a conscious disregard of Plaintiff's rights with the intent to vex, injure, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which amounts to oppression, fraud, and malice, as stated in Civil Code §3294.  Plaintiff is, therefore, entitled to punitive damages in an amount to punish defendants and/or make an example of defendants to curb such conduct in the future.

///

///

## SEVENTH CAUSE OF ACTION

### (Declaratory and Injunctive Relief)

### (Cal. Gov't Code Section 12940 (k))

### (Against Defendants AMERICAN NATIONAL RED CROSS, AMERICAN RED CROSS CALIFORNIA, and DOES 1-50)

76.     Plaintiff incorporates the allegations contained in all previous paragraphs as though fully stated here.

77.     Cal. Government Code § 12920 sets forth the public policy of the State of California that "all persons have the right to seek, obtain, and hold employment, without discrimination or abridgement on account of…disability…"

78.     Cal. Government Code § 12920.5 states: "In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons."

79.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed Defendants may allege that Defendants' failure to accommodate Plaintiff, return Plaintiff to work, continue Plaintiff's employment and other discriminatory actions, were based on non-discriminatory, legitimate reason(s) and that Plaintiff's disability was not a substantial motivating factor for the discriminatory decisions, or any factor whatsoever in those decisions.  Plaintiff contends that any alternative reason(s) given by Defendants are a pretext to mask its true reason(s) for their discriminatory actions.

80.     Pursuant to CCP § 1060, Plaintiff desires a judicial determination and declaration that her disability, and/or exercise of her right to request accommodation under FEHA, was a substantial motivating factor in the discriminatory decisions directed against her, including termination of her Red Cross employment

81.     A judicial declaration is necessary and appropriate at this time and under the circumstances in order that Plaintiff, on behalf of herself and other employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices. *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

82.     A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of its obligations under the law to not engage in discriminatory practices and violate the law.

83.     Cal. Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs.  "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party…reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.  Plaintiff herein seeks these fees and costs.

84.     The acts and omissions of the Defendants, and each of them, have caused irreparable harm to Plaintiff and will continue to cause irreparable harm to current employees unless the complained-of conduct is enjoined.  There is no immediate, adequate or speedy remedy at law to redress the continuing retaliatory policies and practices of Defendant employer, and, therefore, Plaintiff seeks affirmative and injunctive relief as follows:

> a.   for an injunction restraining Defendants, and each of them, from continuing or maintaining any policy, practice, custom or usage which is retaliatory in nature against any employee exercising her rights under the FEHA;
>
> b.   for an injunction restraining Defendants, along with its supervising employees, agents and all those subject to its control or acting in concert with it from causing,

18

encouraging, condoning or permitting the practice of retaliation and willful violations of FEHA;

c.  for affirmative relief requiring Defendants, and each of them, to conduct training of all employees to "sensitize" them to the harmful nature of retaliating against an employee exercising his rights under FEHA.  The proposed plan of training should also include education, detection, correction and prevention of such retaliatory practices;

d.  for affirmative relief requiring Defendants, and each of them, to notify all employees and supervisors, through individual letters and permanent postings in prominent locations in all offices that retaliation violates the FEHA and the consequences of said violation;

e.  for affirmative relief requiring Defendants, and each of them, to develop clear and effective policies and procedures for employees complaining of retaliation or violations of FEHA so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder) and processes for hearing, adjudication and appeal of the complaints; and,

f.  for affirmative relief requiring Defendants, and each of them, to develop appropriate sanctions or disciplinary measures for supervisors or other employees who are found to have committed retaliatory acts, including warnings to the offending person and notations in that person's employment record for reference in the event future

1 | complaints are directed against that person, and dismissal
2 | where other measures fail.
3 | WHEREFORE, Plaintiff prays for judgment as follows:
4 |     1.    For compensatory damages, including lost earnings and other employment
5 | benefits incurred and to be incurred in an amount according to proof at time of trial;
6 |     2.    For damages for physical sickness, emotional distress, humiliation and mental
7 | anguish in an amount according to proof at time of trial;
8 |     3.    For special and general damages in amount to be proven at trial;
9 |     4.    Loss of income incurred and to be incurred according to proof;
10 |     5.    For punitive damages, as allowed by law, that will sufficiently punish, make an
11 | example of, and deter future conduct by Defendants;
12 |     6.    For all appropriate equitable relief, including tax consequence adjustment to
13 | compensate for increased income tax liability resulting from any back-pay award received in one
14 | lump sum;
15 |     7.    For reasonable attorneys' fees and costs, including expert witness fees, under all
16 | applicable laws including but not limited to Cal. Gov. Code Section 12965;
17 |     8.    For interest provided by law including but not limited to Cal. Civil. Code §3291.
18 |     9.    That Defendants, their successors, agents, representatives employees and all
19 | persons who act in concert with said Defendants be permanently enjoined from committing all
20 | acts of discrimination, retaliation, or other similar acts, including the violations alleged in all the
21 | Causes of Action herein and prohibited by the Fair Employment and Housing Act, Cal. Gov.
22 | Code Sections 12900-12996.
23 | DATED:   April 13, 2020     ALEXANDER, KRAKOW + GLICK LLP
24 |                   /Joshua M. Arnold
25 |                   JOSHUA M. ARNOLD<br>MARVIN E. KRAKOW
26 |                   Attorneys for Plaintiff,<br>MARGARITA PEDROZA
27 |
28 |

1

<u>DEMAND FOR JURY TRIAL</u>

2       Plaintiff demands a jury trial.

3

4   DATED:   April 14, 2020          ALEXANDER, KRAKOW + GLICK LLP

5                                    /Joshua M. Arnold
                                     JOSHUA M. ARNOLD
6                                    MARVIN E. KRAKOW
                                     Attorneys for Plaintiff,
7                                    MARGARITA PEDROZA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 04/15/2020 01:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara, Deputy Clerk

| | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN NATIONAL RED CROSS, a District of Columbia nonprofit corporation;
AMERICAN RED CROSS OF CALIFORNIA, a California nonprofit corporation;
and DOES 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Margarita Pedroza

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>20STCV14431 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua M. Arnold, AKG, 1900 Avenue of the Stars, Ste. 900, Los Angeles, CA 90067; (310) 394-0888

| DATE: 04/15/2020<br>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* | J. Lara | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 04/14/2020 03:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marvin E. Krakow (SBN 81228) \| Joshua M. Arnold (SBN 240154) ALEXANDER KRAKOW + GLICK LLP 1900 Avenue of the Stars, Suite 900 Los Angeles, California 90067 TELEPHONE NO.: (310)394-0888   FAX NO.: (310)394-0811 ATTORNEY FOR *(Name):* Plaintiff Margarita Pedroza | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
Margarita Pedroza v. American National Red Cross

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 20STCV14431 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 7: Disab Discrim; Fail Engage; Fail Prev Discrim; Ret; Wrong Term
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 14, 2020
Joshua M. Arnold
_____         ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Pedroza v. Red Cross | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

29

| SHORT TITLE: Pedroza v. Red Cross | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, ③ |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Pedroza v. Red Cross | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Pedroza v. Red Cross | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br><br> ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8.  ☐ 9. ☐ 10. ☐ 11. | ADDRESS: <br> 5042 Wilshire Blvd., Suite 44035 |
|---|---|

| CITY: <br> Los Angeles | STATE: <br> CA | ZIP CODE: <br> 90036 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>April 14, 2020</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>04/14/2020<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ Deputy<br>M. Barel |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV14431 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elizabeth R. Feffer | 39 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/14/2020
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Margarita Pedroza

DEFENDANT:
American National Red Cross et al

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

04/20/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ L. Bituin _____ Deputy

CASE NUMBER:
20STCV14431

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 11/03/2020 | 8:45 AM | 39 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ____04/20/2020____

_Elizabeth R. Feffer_

_____
Elizabeth R. Feffer / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Joshua Manning Arnold
1900 Avenue Of The Stars
Suite 900
Los Angeles, CA 90067

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ____04/20/2020____

By __L. Bituin__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 05/26/2020 05:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Marvin E. Krakow (SBN 81228); Joshua M. Arnold (SBN 240154)<br>Alexander Krakow + Glick, LLP<br>1900 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067<br>  TELEPHONE NO.: 310.394.0888    FAX NO. (Optional): 310.394.0811<br>E-MAIL ADDRESS (Optional): mkrakow@akgllp.com \| jarnold@akgllp.com<br>ATTORNEY FOR (Name): Plaintiff MARGARITA PEDROZA| FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>  STREET ADDRESS: 111 N. Hill Street<br>  MAILING ADDRESS: 111 N. Hill Street<br>  CITY AND ZIP CODE: Los Angeles, CA 90012<br>  BRANCH NAME: Central | |
| PLAINTIFF/PETITIONER: MARGARITA PEDROZA<br><br>DEFENDANT/RESPONDENT: AMERICAN NATIONAL RED CROSS | |
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>20STCV14431 |

TO (insert name of party being served): American National Red Cross

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: May 4, 2020

Doug Meekins
_____
(TYPE OR PRINT NAME)          ▶     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

    Civil Case Cover Sheet; Civil Case Cover Sheet Addendum; Notice of Case Assignment; Case
    Management Conference

(To be completed by recipient):

Date this form is signed: May 26, 2020

Martha S. Doty  ATTORNEY FOR
AMERICAN NATIONAL RED CROSS
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       ▶   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)               ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 06/24/2020 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1  MARTHA S. DOTY (SBN 143287)
   KELSEY K. WONG (SBN 314574)
2  **ALSTON & BIRD LLP**
   333 South Hope Street, 16th Floor
3  Los Angeles, CA  90071-1410
   Telephone:  213-576-1000
4  Facsimile:  213-576-1100
   martha.doty@alston.com
5  kelsey.wong@alston.com

6  Attorneys for Defendant
   AMERICAN NATIONAL RED CROSS
7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11 MARGARITA PEDROZA,                          | Case No.: 20STCV14431

12          Plaintiff,                          | [Assigned for all purposes to the
                                                | Honorable Elizabeth R. Feffer, Dept. 39]
13      v.

14 AMERICAN NATIONAL RED CROSS, a District     | **DEFENDANT AMERICAN NATIONAL**
   of Columbia nonprofit corporation; AMERICAN | **RED CROSS'S ANSWER TO PLAINTIFF'S**
15 RED CROSS OF CALIFORNIA, a California        | **COMPLAINT**
   nonprofit corporation; and DOES 1 through 50,
16 Inclusive,

17          Defendants.                         | Complaint Filed: April 14, 2020

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMERICAN NATIONAL RED CROSS'S ANSWER TO PLAINTIFF'S COMPLAINT
LEGAL02/39813067v2

1      Defendant American National Red Cross ("Defendant"), for itself alone and for no other

2   defendant, hereby answers Plaintiff Margarita Pedroza's ("Plaintiff") unverified Complaint as

3   follows:

4                                        **GENERAL DENIAL**

5      Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally and

6   specifically denies each and every material allegation contained in Plaintiff's Complaint. Defendant

7   further denies, generally and specifically, that Plaintiff is entitled to the relief sought, in the manner

8   or sum alleged.

9                                     **AFFIRMATIVE DEFENSES**

10      As separate and distinct affirmative defenses to Plaintiff's Complaint, and to the purported

11   causes of action therein, Defendant alleges and avers the following:

12                                 **FIRST AFFIRMATIVE DEFENSE**

13                                   **(Failure to State a Cause of Action)**

14      1.      The Complaint, and each of the purported causes of action alleged therein, does not

15   state facts sufficient to constitute a cause of action alleged against Defendants.

16                                 **SECOND AFFIRMATIVE DEFENSE**

17                                      **(Statute of Limitations)**

18      2.      Plaintiff's causes of action are barred, in whole or in part, by the applicable statutes of

19   limitation including, but not limited to, those in the Cal. Code of Civil Procedure and the Cal. Labor

20   Code.

21                                 **THIRD AFFIRMATIVE DEFENSE**

22                                      **(Exhaustion of Remedies)**

23      3.      Plaintiff's causes of action are barred, in whole or in part, because plaintiff failed to

24   exhaust her administrative remedies.

25                                 **FOURTH AFFIRMATIVE DEFENSE**

26                                       **(Employment at Will)**

27      4.      Plaintiff's causes of action are barred, in whole or in part, by California Labor Code

28   section 2922.

DEFENDANT AMERICAN NATIONAL RED CROSS'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

**(Compliance With All Laws)**

5.      Each and every purported cause of action in the Complaint is barred, in whole or in part, including Plaintiff's claim for injunctive and declaratory relief, by reason of Defendant's full compliance with all statutes, regulations and other laws in effect at the time of the conduct that allegedly gives rise to the injury alleged in Plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

6.      With regard to some or all of the matters alleged in each purported cause of action in Plaintiff's Complaint, Plaintiff has waived and/or is estopped from asserting some or all of the claims in her Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Perform)**

7.      The Complaint, and each of the purported causes of action alleged therein, is barred, in whole or in part, because Plaintiff failed to fulfill the conditions and/or terms of her employment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

8.      Each and every purported cause of action set forth in the Complaint is barred, in whole or in part, because Defendant acted reasonably and in good faith towards Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim under FEHA)**

9.      Plaintiff's claims fail to state a claim under the California Fair Employment and Housing Act, Cal. Gov't Code section 12900, et seq. because, *inter alia,* Plaintiff is not "disabled" under FEHA, is not a "qualified individual with a disability", Defendant did not perceive or regard Plaintiff as disabled, Plaintiff never sought any accommodations and/or the purported accommodations Plaintiff now alleges or intends to allege she sought were not reasonable or caused Defendant undue hardship or would not have allowed Plaintiff to perform the essential functions of the job, and Defendant did not fail to engage in an interactive process with and/or to reasonably

3

accommodate Plaintiff under FEHA, but at all times complied with the law.

## TENTH AFFIRMATIVE DEFENSE

### (Good Cause/Legitimate, Non-discriminatory and Non-retaliatory Reasons)

10.     Plaintiff's causes of action are barred in whole or in part because the alleged negative employment-related decisions that form the basis of Plaintiff's Complaint were based on legitimate, non-discriminatory and non-retaliatory grounds and Defendant complied with all statutes, regulations, and other laws in effect at the time of the conduct which allegedly gives rise to the injury alleged in Plaintiff's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Job Related/Business Necessity/Business Judgment)

11.     Defendant's conduct regarding Plaintiff's employment was in all respects proper because it was job related and consistent with business necessity and because Defendant rightfully exercised its business judgment in its employment-related decisions regarding Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy)

12.     Plaintiff's causes of action, and each of them, which seek damages for physical, mental and/or emotional distress, are barred by California Labor Code sections 3600 et seq., and/or by California Labor Code section 132a which provide that workers' compensation is Plaintiff's exclusive remedy.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Steps to Prevent Discrimination)

13.     Plaintiff's causes of action are barred in whole or in part because Defendant took reasonable steps to prevent discrimination, investigate, and remedy discrimination.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

14.     Defendant did not commit the acts or omissions as alleged in the Complaint for discriminatory or retaliatory motives, but assuming that it did, such acts or omissions would have been taken in any event for legitimate, nondiscriminatory, non-retaliatory, non-pretextual reasons.

4

DEFENDANT AMERICAN NATIONAL RED CROSS'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Damages)**

15.     Defendant alleges that Plaintiff has not suffered any damages as a result of any acts or omissions of Defendant, or its agents or employees, and therefore, Plaintiff is barred from asserting any cause of action against Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

16.     With respect to each purported cause of action in her Complaint, Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages and/or injuries.  To that extent, Plaintiff may not recover damages from Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Offset)**

17.     Alternatively, Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits obtained by Plaintiff since termination of her employment with Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

18.     Defendant is immune to any claim for punitive damages because, among other things, it is a federal instrumentality.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

19.     If and to the extent Plaintiff seeks punitive damages in this action, Plaintiff's claims are barred in whole or in part because Plaintiff has failed to allege facts sufficient to support a claim for punitive and/or exemplary damages against Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Ratification)**

20.     Without admitting any liability, or that Plaintiff has suffered or will suffer any loss, damage or injury, Defendant allege that each and every cause of action stated in Plaintiff's

5

1    Complaint is barred, in whole or in part, because Defendant did not at any time ratify, condone or

2    sustain any alleged wrongful conduct that may have been undertaken by any of its employees or

3    agents, all of which Defendants expressly denies.

4                    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

5                    **(Conduct Not Committed by Managing Agents)**

6             21.    Plaintiff's claim for punitive damages is barred because none of the alleged conduct

7    was committed by managing agents of Defendant.

8                    **TWENTY- SECOND AFFIRMATIVE DEFENSE**

9                    **(Punitive Damages Barred)**

10            22.    If and to the extent Plaintiff seeks punitive damages in this action, Plaintiff's causes

11   of action are barred, in whole or in part, because Plaintiff has failed to allege facts sufficient to

12   support a claim for punitive and/or exemplary damages against Defendant and, to the extent plaintiff

13   seeks punitive or exemplary damages, it violates the rights of Defendant to protection from

14   "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in

15   Article I, Section 17 of the Constitution of the State of California.

16                   **TWENTY-THIRD AFFIRMATIVE DEFENSE**

17                   **(Procedural Due Process)**

18            23.    If and to the extent Plaintiff seeks punitive damages in this action, Plaintiff's claims

19   are barred in whole or in part because plaintiff's Complaint, to the extent that it seeks punitive or

20   exemplary damages, violates the rights of Defendant to procedural due process under the Fifth and

21   Fourteenth Amendments to the United States Constitution and under the Constitution of the State of

22   California.

23                   **TWENTY- FOURTH AFFIRMATIVE DEFENSE**

24                   **(Evidence of Defendant's Financial Condition)**

25            24.    If and to the extent Plaintiff seeks punitive damages in this action, Plaintiff's claim

26   for punitive damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and

27   XIV, § 1, and the Due Process Clause of the Constitution of the State of California, to the extent the

28   law of this State permits the introduction of evidence of defendant's financial condition or 'net

worth' with respect to the quantum of punitive damages. The introduction of such evidence violates Due Process by inviting the jury to award an arbitrary amount of punitive damages based on Defendant's status as industrial enterprises.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

### (Burden on Interstate Commerce)

25.     If and to the extent Plaintiff seeks punitive damages in this action, Plaintiff's claim for punitive damages is barred by the Commerce Clause of the U.S. Constitution, art. I, § 8, cl. 3, because Defendant maintains its principal place of business outside this State, and the imposition of punitive damages on an out-of-state defendant would unreasonably discriminate against interstate commerce.

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

### (Insufficient Nexus Between Defendant's Conduct and Plaintiff's Harm)

26.     If and to the extent Plaintiff seeks punitive damages in this action, Plaintiff's claim for punitive damages is barred by the Due Process Clause of the U.S. Constitution, amend. V and XIV, § 1, and the Due Process Clause of the Constitution of the State of California, because the Defendant's conduct that is alleged to warrant punitive damages is unrelated to the Plaintiff's harm, and punitive damages may not be awarded to punish and deter conduct that bears no relation to the Plaintiff's harm.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

### (No Jury Trial)

27.     Plaintiff's jury trial demand is unenforceable because, among other things, Defendant is a federal instrumentality.

## TWENTY- NINTH AFFIRMATIVE DEFENSE

28.     Defendant reserves the right to allege additional defenses as they may become known, or as they evolve during the litigation, and to amend its Answer accordingly.

1                                 **PRAYER**

2         WHEREFORE, Defendant prays as follows:

3         1.      Plaintiff take nothing by her Complaint in this action;

4         2.      That the Complaint be dismissed with prejudice;

5         3.      That Defendant recover its costs and reasonable attorneys' fees in this action; and

6         4.      Such other and further relief as the Court deems just and proper.

7

8   DATED:  June 24, 2020         MARTHA S. DOTY

9                                   KELSEY K. WONG
                                  **ALSTON & BIRD LLP**

10

11

12

13                                   Martha S. Doty
                                  Attorneys for Defendant

14                                   AMERICAN NATIONAL RED CROSS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Nora Fernandez, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071.

On June 24, 2020, I served the document(s) described as **DEFENDANT AMERICAN NATIONAL RED CROSS'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action by the service marked below:

| | |
|---|---|
| Marvin E. Krakow, Esq. | Attorneys for Plaintiff |
| Joshua M. Arnold, Esq. | MARGARITA PEDROZA |
| Alexander Krakow & Glick, LLP | |
| 1900 Avenue of the Stars, Suite 900 | Telephone: (310) 394-0888 |
| Los Angeles, CA 90067 | Facsimile: (310) 394-0811 |
| | Email: mkrakow@akgllp.com |
| | jarnold@akgllp.com |

☐   BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐   UPS NEXT DAY AIR:  I deposited such envelope in a facility regularly maintained by UPS with delivery fees fully provided for or delivered the envelope to a courier or driver of UPS authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐   By Personal Service:  I caused to be delivered by courier **ACE ATTORNEY SERVICE, INC.,** such envelope by hand to the offices of the above addressee(s).

☐   BY FACSIMILE:  I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒   BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached E-Service list.

☒   [State]  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐   [Federal]      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2020, at Los Angeles, California.

_____
Nora Fernandez

DEFENDANT AMERICAN NATIONAL RED CROSS'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I, Nora Fernandez, declare:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is c/o Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California 90071.

On June 25, 2020, I served the document(s) described as **DECLARATION OF MARTHA S. DOTY IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441 and 1446, and 36 U.S.C. § 300105(a)(5)]** on the interested parties in this action by the service marked below:

| | |
|---|---|
| Marvin E. Krakow, Esq.<br>Joshua M. Arnold, Esq.<br>Alexander Krakow & Glick, LLP<br>1900 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067 | Attorneys for Plaintiff<br>MARGARITA PEDROZA<br><br>Telephone: (310) 394-0888<br>Facsimile: (310) 394-0811<br>Email: mkrakow@akgllp.com<br>          jarnold@akgllp.com |

☒    BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐    UPS NEXT DAY AIR:  I deposited such envelope in a facility regularly maintained by UPS with delivery fees fully provided for or delivered the envelope to a courier or driver of UPS authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐    By Personal Service:  I caused to be delivered by courier **ACE ATTORNEY SERVICE, INC.,** such envelope by hand to the offices of the above addressee(s).

☒    BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached E-Service list.

☐    [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    [Federal]     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 25, 2020, at Los Angeles, California.

_____
Nora Fernandez

DECLARATION OF MARTHA S. DOTY IN SUPPORT OF NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1441 and 1446, and 36 U.S.C. § 300105(a)(5)]